LYONS, JUDGE:
This claim arises out of a 1978 contract entered into by the claimant, West Virginia Utility Contractors Association (hereinafter referred to as “WVUCA”) and the respondent, Governor’s Office of Economic and Community Development (hereinafter referred to as “OECD”), by which the claimant was to perform certain work under grants from the respondent for work training programs. On February 15, 1978, claimant WVUCA subcontracted the work to an independent training company known as “Vrain,” in Virginia.
All work under the grants was completed and all questions regarding reimbursement for expenses were resolved except for the sum of $6,750.00, the amount of this claim.
*224 The disputed sum is sought by WVUCA as reimbursement for the salary paid to Mrs. Norma Ciccarello, an employee of the subcontractor, Vrain. An internal audit was conducted in May 1978 wherein it was determined that the employment of Mrs. Ciccarello constituted nepotism, since her husband’s company was hired by WVUCA to manage the training programs. Federal funds were involved, and the nepotism was deemed in violation of applicable federal regulations. Respondent contends that that violation serves as a bar to recovery by the claimant of the salary paid to its subcontractor’s employee.
The Court must conclude that the agreement entered into by the claimant and its subcontractor, Vrain, was valid; however, contrary to the policy which governed the employment training programs, Vrain hired the wife of claimant’s executive director. When notice of the wrongdoing was given to the parties, it was recommended that payments to Mrs. Ciccarello should cease as of July 1, 1978.
From the evidence presented in the form of copies of cancelled checks issued by Vrain to Mrs. Ciccarello, the Court finds that the total amount paid to her for the period in question was $5,146.51. No further payments were made after the recommended cutoff date of July 1, 1978. However, the date of the internal audit was May 16, 1978, when the claimant was first notified of the existence of the nepotism violation. At that point, Mrs. Ciccarello had been paid a total of $3,374.57.
The Court concludes that the respondent is liable for the amount paid to claimant’s subcontractor’s employee up to the time the claimant had notice of the improper hiring. An award of $3,374.57 is therefore made to the claimant.
Award of $3,374.57.